TEXAS AND PACIFIC RAILWAY COMPANY v. H. C. HAMILTON.

(Case No. 5664.)

1. RAILWAY COMPANY—NEGLIGENCE—EVIDENCE—See opinion for evidence held sufficient to support a verdict for damages against a railway company for injuries sustained by a passenger through the negligence of the company.
2. SAME—MACHINERY—TEST OF SOUNDNESS—If any certain and satisfactory test of the machinery, used by a railway company in transportation, is known, which is within the reach of the company, it should be applied, and it is negligence in the company to rely upon a test which is clearly insufficient.

APPEAL from Grayson. Tried below before the Hon. R. Maltbie.

Appellee filed suit against appellant in the district court of Grayson county to recover $10,000 actual and $15,000 vindictive damages for personal injuries alleged to have been received by him in a wreck of a passenger train on defendant's railroad on January 25, 1884.

The petition alleged that the wreck was caused by a defective wheel on the coach, rotten cross-ties and defective rails in the track of defendant's road, the absence of air brakes and the improper rate of speed at which the train was being run; that defendant knew of the defects, or by the use of proper care ought to have known of them, and that defendant was grossly negligent.

Defendant pleaded a general denial, and specially that it furnished suitable men to inspect its machinery and caused it to be regularly inspected, and if the coach was out of repair, it had become so on the trip. The trial resulted in a verdict for plaintiff for $1,500.

*T. J. Brown,* for appellant, cited:   Thomp. on Carriers of Pass., 112, 124; Ingalls *v.* Bills, 9 Metc., (Mass.) 1; Story on Bail., sec. 300; Angell on Carriers, 523; Railway Company *v.* Hallosen, 53 Tex., 46; 2 Wood's R'y Law, sec 300.

*Throckmorton, Brown & DeArmond,* for appellee.

WILLIE, CHIEF JUSTICE.—The appellant submits this case upon a single proposition, which is to the effect that the injury complained of was not brought about through the negligence of the railway company, and that this is shown by uncontradicted testimony.   The argument of appellant's counsel is directed solely to the evidence as to the condition of the wheel, the breaking of which is alleged to have been the proximate cause of the accident.   But the petition also alleges that other causes contributed to bring it about, viz.: the absence of sufficient air brakes to control the stopping of the train, the improper speed at which it was running at the time of the accident, and the bad condition of the road-bed, rails and cross-ties at the place where the injury happened.   The wheel may have been sound, yet, if the other circumstances enumerated above caused it to break and derail a portion of the train, and produce the injury complained of, it must be held that it was brought about by the negligence of the appellant company.

The evidence seems uncontradicted that the schedule rate of speed over this part of the road was four miles an hour; but that on this occasion the train was running at the rate of from sixteen to twenty miles per hour.   Also, that the air brakes were defective, and that but for these defects the engineer might have stopped the train, instead of allowing it to run at as great a rate of speed after the wheel was broken as before, notwithstanding the bell rope was pulled as a signal for him to stop the train.   It was also shown by a witness, whose testimony, it is true, was contradicted, but which we must regard as correct for the purposes of this appeal, that the track was, at the time, in bad condition; that the rails were of old iron and battered up, the ties rotton, and the road-bed rough and uneven, and that for this reason the schedule time was reduced over this part of the road to four miles an hour.   From this evidence, it would seem that it was negligence of a high degree to run the train at such a great rate of speed, on so defective a track, with no means of checking its velocity, and that this carelessness on the part of the company contributed in a great measure towards the fracture of the wheel, and to the injury that proceeded in part from this cause.

But even as to the condition of the wheel itself, it cannot be said that there is no conflict in the testimony. The witnesses who testified for the company on this question were not present at the time and place when the accident occurred. They did not see the wheel until it was shown to them by others, after it had been removed to distant points on the appellant's road. They saw no defects in the wheel shown them except such as were new. But other witnesses, present at the time the cars were derailed, say there were old cracks in the wheel, through the flanges and out to the rim. These breaks were two or three inches long; they were greasy, rusty and had dirt in them, as in case of old breaks. Their testimony is confirmed by the testimony of one of the witnesses sworn on behalf of the appellant, and who, in other respects, testified in its favor. It seems too from the testimony of some of these witnesses, that the wheel broke at the place where these old defects were found. As to the character of these defects, therefore, there is certainly no preponderance of evidence in favor of the company.

But it is contended by the appellant that as the proper officers had made all due and careful inspection of the wheel a short time before the accident, and had been unable to detect any defects in it, the company cannot be charged with negligence, though the subsequent fracture of the wheel disclosed a flaw which caused it to give way, and which must have existed at the time of its inspection. Admit this to be the law for the purposes of the present case, yet it cannot benefit the plaintiff, because it is not an uncontroverted fact that a full and careful inspection was made. The parties who made the inspection testified that the only test as to the soundness of the wheel which they used was to look over it very carefully. It is apparent from the appellee's testimony that the defect in the wheel was one that could have been discovered by a careful outside inspection. The breaks or flaws extended to the rim, and were filled with dirt, grease and rust, showing their exposure to the air, and other influences which could not have reached them had they been protected by a sound and uninjured surface, and that the fissures in the wheel were large enough to admit such foreign matter.

A witness for the company testified also that the defects could not have been discovered beforehand, however careful the inspector. In addition to the contradiction to which we have already alluded as confronting this evidence, it is rendered of no avail by the fact that the witness testified as to a wheel which he said had no old breaks in it whatever. The same may be said as to the testimony of the inspectors. If the wheels had no defects, there were, of course, none to discover by inspection.

Again, none of these witnesses testified that there were no means by which a flaw in a wheel could be detected other than an examination of its surface. They did state that it could not be detected by striking the wheel with a hammer whilst it was in its proper position upon the track, because a sound wheel would not ring any more than a defective one under such circumstances. But the inference is that if the wheel was separated from contact with the track, it could be told, by striking it with a hammer, whether it was sound or defective. It is not made to appear that there are no adequate means of placing a car wheel in a position where its condition may be tested by the stroke of a hammer. When the safety of the thousands who daily travel upon railroad cars depends in a great measure upon the strength and fitness of the appliances used for their transportation, it seems inexcusable negligence that their soundness should be tested by processes wholly inadequate for the purpose. If any certain or satisfactory test is known which is within reach of the company, it should be applied, and they should not, in that case, be excused if they rely upon a test which is clearly insufficient.

In any view which can be taken of this case, it cannot be said that the uncontroverted evidence shows that the injury to the appellee did not happen through the negligence of the appellant company, but there is abundant proof to the contrary.

There is no error in the judgment and it is affirmed.

AFFIRMED.

[Opinion delivered April 16, 1886.]